UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CRYSTAL BOTAS and GIOVONNI STERLING,   Index No.:

                      Plaintiffs,   COMPLAINT

        -against-

                                       Plaintiff Demands Trial by Jury

THE CITY OF NEW YORK and
POLICE OFFICER LEONARD CLARKE,

                      Defendants.

-------------------------------------------------------------X

        Plaintiffs, CRYSTAL BOTAS and GIOVONNI STERLING, by their attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK and Police Officer LEONARD CLARKE, Shield No.: 27183 ("CLARKE"), upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

        1.    This is a civil rights action in which the plaintiffs, CRYSTAL BOTAS and GIOVONNI STERLING, seek relief for the defendants' violation of their rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs seek compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

        2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this

1

court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

5. Plaintiff CRYSTAL BOTAS is a United States citizen of full age and a resident of Kings County, New York.

6. Plaintiff GIOVONNI STERLING is a United States citizen of full age and a resident of Kings County, New York.

7. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

8. Defendant POLICE OFFICER LEONARD CLARKE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant

CLARKE acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9. On or about October 25, 2017 at approximately 6:00 P.M. New York Police Department officers, including defendant POLICE OFFICER LEONARD CLARKE, executed a search warrant at 987 East 38th Street in Brooklyn.

10. Plaintiff CRYSTAL BOTAS lives at 987 East 38th Street, in the basement unit, which is separate and apart from the rest of the house.

11. Plaintiff GIOVONNI STERLING and CRYSTAL BOTAS have a child in common.

12. When the police arrived on October 25, 2017 GIOVONNI STERLING was present along with their child in the basement unit.

13. Also present at 987 East 38th Street on that day was Barrington Songue. Mr. Songue lives at 987 East 38th Street in the upstairs unit.

14. CRYSTAL BOTAS and Barrington Songue are siblings.

15. Upon information and belief, the portion of the house occupied by Barrington Songue was the target of the search warrant.

16. In two separate but identical sworn criminal complaints dated October 25, 2017, defendant CLARKE stated that he observed plaintiffs in possession of forged instruments and devices for the production of such in that police discovered a bag in the attic of the house that allegedly contained forged credit cards, forged checks, skimmer devices and a printer.

17. In the same complaint, defendant CLARKE also alleged that police discovered four bullets on the floor of the attic.

18. Defendant CLARKE then further alleged that he observed an additional skimmer device and four forged credit cards in a dresser drawer in the basement unit.

19. Plaintiffs dispute that any forged instruments or devices for the production of such were discovered in the basement unit of the house.

20. As a result of this false allegation, plaintiffs were taken into custody and charged with numerous felonies related to the possession and production of forged instruments, including those which were discovered in the attic of the house, which is outside of the area controlled by CRYSTAL BOTAS.

21. Additionally, police seized laptops and phones belonging to plaintiffs that have yet to be returned.

22. All charges against plaintiffs were eventually dismissed.

23. As a result of the acts of defendant POLICE OFFICER LEONARD CLARKE plaintiffs suffered a period of false arrest lasting approximately 24 hours each; they were forced to defend against baseless criminal charges and they continue to be deprived of the use and enjoyment of their property without justification or probable cause.

## AS FOR A FIRST CAUSE OF ACTION

*False Arrest in violation of 42 U.S.C. § 1983 against defendant Leonard Clarke*

24. Plaintiffs repeat, reiterate and assert each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

25. At all times during the events described above, defendant CLARKE lacked probable cause to arrest plaintiffs.

26. At all times during the events described above defendant CLARKE acted under the color of state law.

27. The acts complained of were carried out by defendant CLARKE in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

28. The arrest of plaintiffs by defendant CLARKE deprived plaintiffs of the right to be free from arrest not based upon probable cause guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. As a result of the aforementioned acts of defendant CLARKE plaintiffs suffered a period of false imprisonment lasting approximately 24 hours each.

## AS FOR A SECOND CAUSE OF ACTION

**Municipal Liability under 42 U.S.C. § 1983 against the City of New York**

30. Plaintiffs repeat, reiterate and assert each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

31. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiffs, and is liable for the damages suffered by plaintiffs as a result of the conduct of the police officer defendant because his conduct was a direct consequence of inadequate training and

supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

32. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to use force, make arrests and file criminal charges without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

33. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

34. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendant on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

35. The wrongful polices, practices and customs complained of herein demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 03/05/2018
      Brooklyn, NY

                                          By:      */s/Alexis G. Padilla*
                                                   Alexis G. Padilla, Esq. [AP8285]
                                                   *Attorney for Plaintiffs*
                                                   *Crystal Botas and Giovonni Sterling*
                                                   575 Decatur Street #3
                                                   Brooklyn, NY 11233
                                                   (917) 238-2993
                                                   alexpadilla722@gmail.com