UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CRYSTAL BOTAS AND GIOVONNI STERLING,

        Plaintiffs,

  -against-

POLICE OFFICER LEONARD CLARKE,

        Defendant.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-1348 (FB)(PK)

*Appearances:*
*For the Plaintiffs*:
ALEXIS G. PADILLA, ESQ.
575 Decatur Street
Brooklyn, New York 11233

*For the Defendant*:
CORPORATION COUNSEL
ZACHARY W. CARTER
100 Church Street
New York, New York 10007

**BLOCK, Senior District Judge:**

    Plaintiffs Crystal Botas and Giovonni Sterling bring this civil rights action pursuant to 42 U.S.C. § 1983, alleging that they were falsely arrested by defendant Officer Leonard Clarke.[1] Clarke moves for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons stated below, Clarke's motion is denied.

**I.**

    Summary judgment is appropriate when there is no genuine issue of material fact to be tried and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The following facts, taken from the Rule 56.1 statements and

---

[1] In a letter to the Court on February 6, 2019, plaintiffs withdrew any claims against the City of New York. The case's caption now reflects this withdrawal.

1

supporting documentation, are undisputed unless otherwise noted. Where disputed, facts are presented in the light most favorable to the plaintiffs. *Federal Ins. Co. v. American Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011).

On October 25, 2017, Clarke arrived at 987 E. 38th Street in Brooklyn to execute a valid search warrant, looking for firearms at that address. Botas' brother was the target of the warrant. On that date, Botas resided in the basement apartment of 987 E. 38th Street and Sterling, a guest and the father of Botas' child, was playing with their child in this apartment. Botas' mother, grandmother, and brothers also lived in the home and the attic was used for storage.

It is not disputed that while searching the home, officers discovered forged credit cards, forged checks, skimmer devices, forged driver's licenses, and blank check paper in the attic. Clarke claims officers also discovered forged credit cards and a skimmer device in Botas' basement apartment. Plaintiffs dispute this fact.

Following the search, Botas and Sterling were arrested for possession of the contraband. During their arrests, officers found approximately 10 credit or debit cards in each of their wallets. There is no evidence these cards were forged.

## II.

Clarke moves for summary judgment arguing that probable cause existed for the arrests or, alternatively, that he is entitled to qualified immunity. Specifically, Clarke argues that, regardless of the basement contraband, probable cause to arrest

existed based on plaintiffs' constructive possession over the attic contraband. Plaintiffs maintain that no evidence suggests they constructively possessed the attic contraband and a genuine dispute of fact exists regarding the discovery of contraband in the basement.

### A. False Arrest

"The existence of probable cause to arrest . . . is a complete defense to an action for false arrest." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1994) (internal quotations and citation omitted). An officer has probable cause if he has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.*

The genuine issue of fact—whether contraband was found in Botas' basement apartment—prevents a grant of summary judgment based on actual possession of contraband.[2] Thus, the only basis to grant summary judgment is to find, as a matter of law, plaintiffs constructively possessed the contraband found in the attic.

"Constructive possession exists when a person has the power and intention to exercise dominion and control over an object." *U.S. v. Facen*, 812 F.3d 280, 287

---

[2] Clarke claims plaintiffs' allocutions at criminal hearings corroborate his claim that contraband was found in the attic. However, at these hearings, plaintiffs testified that any contraband found in the basement did **not** belong to them. Notably, they did not admit that any contraband was actually found.

(2d Cir. 2016). "[M]ere presence" in a location is insufficient; instead, the individual's "presence [must be] under a particular set of circumstances" that create an inference of possession. *People v. Bundy*, 90 N.Y.2d 918, 920 (1997).

Clarke had little more than plaintiffs' mere proximity to the attic contraband to support their arrests. Undisputed evidence demonstrates that Botas only lived in the basement and Sterling visited their child in the basement.[3] Any additional undisputed evidence, such as their many credit or debit cards, did not create circumstantial grounds for arrest. *See People v. Headley*, 533 N.Y.S.2d 562 (App. Div. 1988), *aff'd*, 74 N.Y.2d 858 (N.Y. 1989) (defendants' presence was insufficient for constructive possession where the discovered contraband was "not in open view" and defendants did not exercise dominion or control over the contraband). Accordingly, Clarke's motion is denied as the genuine dispute of fact—whether contraband was found in the basement—must be resolved at trial.

## C. Qualified Immunity

Under federal law, an officer is entitled to qualified immunity on a false arrest claim if it was "objectively reasonable" for him to believe that his actions were

---

[3] The attic contraband was not in "plain view" as no evidence suggested plaintiffs frequented areas of the home outside of the basement. *See U.S. v. Nyenekor*, 784 F. App'x 810, 816 (2d Cir. 2019) ("Occupation of a residence, *combined* with knowledge of an item's presence, is sufficient to show constructive possession").

lawful at the time of the arrest. *Jenkins v. Cty of N.Y.*, 478 F.3d 76, 87 (2d Cir. 2007). An arrest is objectively reasonable if supported by "'arguable' probable cause." *Id.*

For the same reasons set forth above, there are genuinely disputed facts regarding *arguable* probable cause—namely, whether contraband was found in Botas' basement apartment. If no contraband was found in the basement, it was not objectively reasonable for officers to arrest plaintiffs based on their "mere presence" in the home. *Facen*, 812 F.3d at 287; *see also Jenkins*, 478 F.3d at 87 ("'arguable' probable cause should not be misunderstood to mean 'almost' probable cause"). Accordingly, Clarke is not entitled to qualified immunity at this time.

### III.   Conclusion

For the foregoing reasons, Clarke's motion for summary judgment is DENIED.

**IT IS SO ORDERED.**

                                                      /S/ Frederic Block
                                                      FREDERIC BLOCK
                                                      Senior United States District Judge

June 22, 2020
Brooklyn, New York